### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GFSI, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-cv-02026-JWL-DJW |
| vs. ) | |
| ) | |
| SANSUN HATS & CO., LTD. ) | |
| ) | |
| Defendant. ) | |

### PROTECTIVE ORDER GOVERNING
### CONFIDENTIAL INFORMATION

Pursuant to the Joint Motion (doc. 7) of plaintiff GFSI, Inc. ("GFSI") and defendant San Sun Hats & Co., Ltd. ("San Sun") (hereinafter collectively referred to as "the Parties"), IT IS HEREBY ORDERED that the following Protective Order ("Order") shall govern Confidential Information produced by the Parties and any third party:

1. GFSI, San Sun, and/or third parties may designate documents or information produced or disclosed as "CONFIDENTIAL" if the document or information contains a trade secret or other confidential research, development or commercial information (hereinafter "Confidential Information"). A Party or non-party designating and/or producing Confidential Information is referred to herein as a "Producing Party."

2. Documents including discovery responses, pleadings, affidavits, deposition transcripts, and testimony shall be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL." Electronically stored information shall also be subject to this Order if it has been designated "CONFIDENTIAL" in a message accompanying the electronically stored information at time of disclosure, and/or on the electronic storage device (such as a CD or flash drive) and/or its casing, and/or in the electronically stored information itself and/or a file index for that information.

3. A party wishing to file documents and information, including discovery responses, pleadings, affidavits, deposition transcripts, or testimony, which contain Confidential Information, must first file a motion with the court and be granted leave to file the particular document or information under seal. If the motion for leave to file under seal is granted, the documents and/or information shall be submitted to the Court consistent with Local Rule 5.4.6 regarding sealed documents.

4. Documents or information designated as "CONFIDENTIAL" may only be disclosed to the following:

- A. The Court;
- B. Court reporters (including audio and video);
- C. Special masters;
- D. Mediators;
- E. Counsel for the respective parties in this litigation (including any commercial photocopying firms used by Counsel);
- F. Consulting or testifying experts;
- G  Direct staff of the foregoing persons (those listed in A-F);
- H. Employees of the Producing Party (as to Confidential Information produced by that Party);
- I. Former employees of the Producing Party only to the extent those employees were employed by the Producing Party at the time the document was created;
- J. Persons identified in a document as an author or recipient or persons reasonably believed to have previously had access to the information or document;
- K. Others specifically identified and authorized in writing by the Producing Party.

5. Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

6. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure of Confidential Information, the written agreement to be bound by the terms of this Order, of any person listed in paragraph 4 subparts I-K. Counsel for the respective parties shall be responsible for obtaining such a written agreement of their own client or their client's employee(s) if their client or their client's employee(s) are noticed for deposition. Such written agreement shall be in the form annexed hereto as Attachment A.

7. Deposition transcripts shall presumptively be considered to have been designated "CONFIDENTIAL" for a period of ten days (10) – computed consistent with Rule 6 of the Federal Rules of Civil Procedure – following service of the transcript. Within this ten-day period, the deponent, the deponent's counsel, or any other party must redesignate, if appropriate, all or portions of the transcript as "CONFIDENTIAL" and that designation shall remain in effect for the duration of this Order. If no such designations are made within the ten-day period, the transcript will not be subject to the provisions of this Order. The deponent, their counsel, or another party making such a designation must advise counsel for the parties and the court reporter in writing (including e-mail) of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated "CONFIDENTIAL" pursuant to this Order, the physical videocassette, CD-ROM or other media shall be labeled "CONFIDENTIAL." Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

8. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any Confidential Information. Nothing in this Order shall be deemed or construed to be a waiver by the Producing Party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, or to seek protection from the Court to prevent Confidential Information from being disclosed to the public, at trial or any hearing before the Court.

9. Production of documents or information for the purpose of inspection and copying shall not constitute a waiver of confidentiality. If documents or information produced for purposes of inspection and copying have not been designated prior to inspection, the Producing Party may advise the inspecting party that documents or information may be designated as "CONFIDENTIAL." The documents or information so identified as possibly subject to designation shall then presumptively be considered to have been designated "CONFIDENTIAL" for a period of ten days (10) – computed consistent with Rule 6 of the Federal Rule of Civil Procedure –

following the inspection. Within ten days (10) of receipt of the inspection, the Producing Party must redesignate, if appropriate, such documents or information as "CONFIDENTIAL" and that designation shall

remain in effect for the duration of this Order. If no such designations are made during this ten-day period, the documents or information shall not be subject to the provisions of this Order.

10. The inadvertent or unintentional failure to designate Confidential Information as "CONFIDENTIAL" by the Producing Party shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party shall provide notice to the other parties that the document or information was inappropriately designated. The Producing Party shall then have five days – computed consistent with Rule 6 of the Federal Rules of Civil Procedure – in which to redesignate and produce the properly designated document or information. During this five-day period, the document or information shall be treated as Confidential Information.

11. If one of the Parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL," that party must specify, in writing, to the Producing Party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. This writing shall also be served on all counsel of record in this case. The Party questioning the designation and the Producing Party must then meet and confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the Producing Party (copied to all counsel) that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has five days – computed consistent with Rule 6 of the Federal Rules of Civil Procedure – plus such additional time as (a) is reasonable taking into account the number of documents or other information at issue and (b) is agreed to by counsel or is ordered by the Court – to move the Court for a protective order declaring that the documents or information shall be treated as Confidential. Until the Court rules, the Confidentiality designation

shall remain in effect. Nothing in this paragraph shall be construed as changing any burden of proof established by federal law and/or set forth in the Federal Rules of Civil Procedure. Also, a party is not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

12. The provisions of this Order shall remain in full force and effect after this case is terminated. With sixty days of the date on which a final judgment, dismissal, or other full and final resolution of this case becomes final and non-appealable, either because all appeals have been exhausted or all time for filing appeals has passed, parties and their counsel shall return or destroy all copies of any Confidential Information received by the Parties or non-parties or the counsel of either of the foregoing and shall provide written notice to each Producing party that such return or destruction has occurred. Notwithstanding the foregoing obligation to return or destroy Confidential Information, counsel for a Party may keep Confidential Information that was used as an exhibit to or is contained in discovery responses, pleadings, affidavits, deposition transcripts, or testimony created during this litigation, although such Confidential Information shall be kept in a manner which preserves the confidentiality of such documents or information.

13. Following the termination of this litigation, a party may file a motion to reopen the case to enforce the provisions of this Order.

14. Nothing in this Order shall govern the procedures to be used at trial. Instead, trial procedures shall be set by this Court immediately preceding the commencement of trial.

IT IS THEREFORE ORDERED that the parties Joint Motion for Protective Order (doc. 7) is granted.

IT IS SO ORDERED.

Dated this 13th day of June 2007.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

CC 1907704v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GFSI, INC.                                          )<br>                                                          )<br>          Plaintiff,                            )<br>                                                          )   Case No. 07-cv-02026-JWL-DJW<br>vs.                                                    )<br>                                                          )<br>SANSUN HATS & CO., LTD.              )<br>                                                          )<br>          Defendant.                         ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL MATERIAL

Name: _____

Company/Firm Affiliation: _____

Address: _____

Telephone: _____

    I have read and acknowledge that I agree to abide by the terms of the Protective Order governing confidential material entered in this action.


_____          _____
Signature                                                            Date