**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**GFSI, Inc.,**

       **Plaintiff,**

       v.                                 Case No. 07-2026-JWL-DJW

**San Sun Hats & Cap Co., Ltd.,**

       **Defendant.**

_____

**MEMORANDUM & ORDER**

This matter comes before the court pursuant to Defendant San Sun Hat & Cap Co., Ltd.'s ("San Sun") letter from its chairman in response (doc. # 28) to the Order to Show Cause (doc. # 26) and Plaintiff GFSI, Inc.'s response to that letter, as well as GFSI's Motion for Entry of Default Judgment (doc. # 31) and memorandum in support of that motion (doc. #32). This court denies GFSI's Motion for Entry of Default Judgment (doc. # 31), but on its own initiative enters default judgment against San Sun for the reasons subsequently discussed.

**BACKGROUND**

This action arises from an agreement between GFSI and San Sun for the sale and distribution of embroidered baseball caps. GFSI filed suit in Kansas state court for declaratory judgment and breach of contract (doc. # 1-2). GFSI sought a declaration that the agreement is not a partnership agreement and that it does not impose the obligations as asserted by San Sun in a letter sent to GFSI in December 2006. In its breach of contract claim, GFSI alleged that San Sun had not complied with delivery requirements, causing GFSI to be late in its shipments to customers. Sun San then removed the case to this court in

1

January 2007 on diversity jurisdiction grounds and asserted a counterclaim for damages on the basis of breach of fiduciary duty, breach of the obligation of good faith and fair dealing, and breach of contract.

On November 2, 2007, United States Magistrate Judge Waxse granted San Sun's former attorneys' motions to withdraw. The judge instructed San Sun "to have new counsel enter their appearance in this case prior to the telephone status conference [on December 3, 2007]. If defendant fails to obtain new counsel by that date, it will be in default and subject to a motion for default judgment." (doc. 25).

San Sun did not participate in the December 3, 2007, telephone status conference. An Order to Show Cause was issued instructing San Sun that it had until January 3, 2008 to show good cause "why default judgment should not be entered against it for failing to secure counsel and appear for the telephone status conference as ordered." (doc. 26). As of the date of this Memorandum and Order, San Sun has failed to obtain counsel.

The chairman of San Sun submitted a letter to this court on January 2, 2008 stating that due to riots in its factories in China in October 2007, the company was experiencing a financial crisis. As a result, the company was unable to pay for and secure counsel. The chairman asked the court for permission for San Sun to represent itself in the case until it could hire counsel when its financial situation improved. The chairman also requested a six month continuance.

**DISCUSSION**

I. Plaintiff's Motion for Entry of Default Judgment

The magistrate judge instructed San Sun that it would be in default if it did not secure counsel prior to the December 3, 2007, telephone conference. (doc. 25) ("If defendant fails to obtain new counsel by that date, it will be in default and subject to a motion for default judgment."). When San Sun did not appear and did not secure counsel, the judge issued an order to show cause why default judgment should not be entered against it. (doc. 26) ("Defendant is hereby ordered to show good cause .

2

. . on or before January 3, 2008, why default judgment should not be entered against it for failing to secure counsel and appear for the telephone status conference as ordered."). However, no default was ever entered on the docket and no motion for entry of default was ever filed by GFSI.

Rule 55 mandates a two-step process by which plaintiffs first receive an entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b). *Williams v. Smithson*, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket. Fed.R.Civ.P. 55(a). Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.' Fed.R.Civ.P. 55(b)(2)." *Id.*, citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981). Because no entry of default has been entered under Federal Rule of Civil Procedure 55(a), the court denies GFSI's motion for default judgment submitted on the basis of Rule 55(b)(2). *See Cincinnati Ins. Co. v. Pro. Data Svcs., Inc.*, 2002 WL 923930, *1 (D. Kan. Apr. 18, 2002) ("While this is merely a procedural step in the process toward obtaining a default judgment, in this case it has not yet occurred. Instead, plaintiff skipped directly to the second step of the process and moved for a default judgment. Only after both steps occur can the court enter a default judgment. Thus, the motion must be denied.").

The court, however, on its own initiative and in light of the Order to Show Cause holds that default judgment is a warranted sanction.

II.     Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 16

A court may sanction a party who disregards pretrial orders and fails to appear at a pretrial conference. Federal Rule of Civil Procedure 16(f) provides that a court, on its own motion, may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a . . . pretrial conference [or] fails to obey a scheduling or other pretrial order." Cross

3

referencing to Rule 37, section (b)(2)(A)(vi) provides that a court may render a default judgment against a disobedient party. Thus, this court may issue a default judgment against a party who fails to obey a pretrial order or fails to appear at a pretrial conference.

San Sun failed to secure counsel or appear at the telephone conference despite the court's orders to do so. Judge Waxse instructed San Sun that it would be subject to default and default judgment if it did not secure counsel prior to the December 3, 2007, telephone conference. (doc. 25) ("If defendant fails to obtain new counsel by that date, it will be in default and subject to a motion for default judgment."). When San Sun did not appear and did not secure counsel, Judge Waxse issued an order to show cause why default judgment should not be entered against it. (doc. 26) ("Defendant is hereby ordered to show good cause . . . on or before January 3, 2008, why default judgment should not be entered against it for failing to secure counsel and appear for the telephone status conference as ordered."). Despite both these warnings, San Sun has failed to secure counsel, thereby "fail[ing] to obey a . . . pretrial order." *See* Fed. R. Civ. P. 16.

Furthermore, the response letter to the Order to Show Cause is not signed by counsel but only by the chairman of San Sun. Courts have long recognized that corporations must appear only through counsel and cannot proceed pro se. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006), citing, *e.g.*, *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001). The response, therefore, is void because it does not have a signature of counsel.[1] *See, e.g.*, *Perkins v. Commodity Futures Trading*

---

[1] The court recognizes that some courts have held that when a non-attorney signs a notice or pleading, its action is not an automatic nullity and a reasonable time should be given to cure the problem. *See e.g., Rawson Plumbing, Inc.*, 130 F. Supp. 2d at 1024 (court declined to render default judgment where initial answer was filed with signature of an officer or director of the defendant company, but not a lawyer, because there was no advance warning or notice to the corporation that it could not proceed pro se). The court finds that approach inapplicable in this case. San Sun has already been instructed twice that it needed to secure counsel and has been given reasonable time, now over three months, to do so. This is distinguishable from a case where the corporation was simply mistaken in its initial filing because it did not know the rule. *See id.*

4

*Commission*, 2008 WL 114947, *1 (D. Utah Jan. 11, 2008) ("Because the motion [submitted by non-attorney Perkins on behalf of a corporation] was void ab initio, the court will not address the merits of the motion."); *Attic Tent, Inc. v. Copeland*, 2007 WL 2079658 (W.D. N.C. July 17, 2007) (striking response by Mr. Copeland "to the extent that it is intended to provide a response by the *unrepresented corporate* Defendant." (Emphasis added)). San Sun filed only an invalid response, and in so doing, failed to show good cause for not securing counsel and not attending the telephone conference.[2] The court strikes the invalid response from the record because it is in violation of both this court's order and the rule that corporations must be represented by counsel. *See id.*; Fed. R. Civ. P. 37(b)(2)(A)(iii) (sanctions include "striking pleadings in whole or in part").

Based upon the foregoing, San Sun is subject to sanctions due its failure to follow pretrial orders and failure to appear. Fed. R. Civ. P. 16(f). Before entering a default judgment, a district court must "ensure that default judgment is a 'just' sanction for the offending party's misconduct." *EBI Securities Corp., Inc. v. Net Command Tech, Inc.*, 85 Fed. Appx. 105, 2003 WL 22995502 (10th Cir. 2003) (discussing default judgment under Rule 37); *see also* Fed. R. Civ. P. 16(f) (referencing that the court

---

[2] San Sun's chairman asserted that the failure to secure counsel is due to financial difficulties. The court does not decide the merits of the response because it is a void filing. Even if the court did take the response into consideration, the court would find that reasoning insufficient, as cases that have considered the argument have found that financial difficulties do not override the long recognized rule that corporations must be represented by counsel. *See, e.g*; Jay M. Zitter, "Propriety and effect of corporation's appearance pro se through agent who is not attorney," 8 A.L.R. 653 (5th ed.) ("[A]ny small corporation in financial difficulties[] may find it a real hardship or even impossible to hire an attorney, and may suffer default as a result"), citing, *e.g.*, *Algonac Mfg. Co. v. United States*, 458 F.2d 1373, 1375 (Ct. Cl.1972) (corporation must appear through counsel despite insufficient funds); *Woodford Mfg. Co. v A.O.Q., Inc.*, 772 P.2d 652 (Colo. App. 1988) ("When a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court."); *see also Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855-56 (8th Cir. 1996) (affirming district court's entry of default judgment, noting that "[a]ppellants' excuses for their conduct do not warrant a finding that the district court abused its discretion in granting default judgment," where one of the excuses included was that the company was "financially unable to secure new legal counsel"); *Ferrand v. Wisconsin Equine Mgmt. Svcs., Inc.*, 1995 WL 274366 (N.D. Cal. May 5, 1995) (corporate defendants filed bankruptcy and court subsequently ordered entry of default and default judgment for failure to retain counsel).

5

may enter a "just order"). "[I]n addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions." *EBI Securities Corp., Inc.*, 2003 WL 22995502, at *3, citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (discussing dismissal sanction under Rule 37). These factors are not a rigid test but instead are criteria for the court to consider. *See id.*

The court finds that upon balancing these factors, default judgment is warranted. In considering San Sun's culpability, while San Sun may not have bad faith intentions, it has intentionally failed to secure counsel.[3] This is not a case of simple neglect or inadvertence because San Sun has had ample opportunity and instructions since November to secure legal counsel in this case. Its alleged inability to do so is neither the fault of the court nor of GFSI, and San Sun is culpable for its conduct.

While the court does not find that GFSI has been substantially prejudiced, San Sun's conduct has caused GFSI to expend time and money. GFSI attended the telephone conference on December 3, 2007, and San Sun was not present. GFSI also has spent time filing a response to the chairman's letter and motion for default judgment as a result of San Sun's failure to follow the court's orders.

---

[3] "Because a default judgment is a harsh sanction, due process requires that failure is a sufficient ground only when it is the result of wilfullness, bad faith, or some fault of petitioner rather than inability to comply. A willful failure is any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) (internal quotations and citations omitted). As a side note, one may construe San Sun's alleged inability to pay as an "inability to comply." The court does not construe this as an inability to comply because that explanation is contained in an invalid filing that the court does not consider on the merits in making its determination, *see supra* note 2, and also because alleged inability to pay is insufficient to overcome the rule that a corporation must be represented by counsel, *see supra* note 3.

6

These same failures to appear and secure counsel also have resulted in a disruption to the judicial process. San Sun already has not participated in the case in any meaningful way since its original counsel withdrew over three months ago. This court will not permit the continued disruption to the judicial process when over a year has already passed since San Sun removed this case to federal court and over three months have passed since it was represented by counsel. *See generally Nat'l Ind. Theater Dist., Inc. v. Buena Vista Dist. Co.*, 748 F.2d 602, 609-10 (11th Cir. 1984) (recognizing the disruptive effect lay representation can have on the litigation process in upholding the district courts denial of the motion based on rule requiring corporate representation by counsel).

Most importantly, "the Court warned the Defendants that a default judgment was a possible sanction for their conduct." Prior to the telephone conference, San Sun was warned that it would be subject to default judgment if it failed to secure counsel. It failed to do so. It was again warned when the court gave San Sun a chance to show good cause why default judgment should not be entered against it. To date it has failed to heed these warnings and has not secured counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985) ("Plaintiffs *having been fully advised* of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims." (Empahsis added)).

Similarly, imposing lesser sanctions would not have any efficacy in light of these prior warnings that were ignored by San Sun. The court has already given San Sun both instructions and time to secure counsel, but San Sun has not communicated with the court through counsel since its attorney withdrew. These less severe attempts to remedy the problem have proven fruitless, just as any less serious sanctions likely would as well.

7

Overall, the balancing of these factors shows that default judgment is warranted.[4] San Sun has clearly failed to obey the magistrate judge's pretrial order to secure counsel and attend the telephone conference. San Sun has failed to show good cause for its failure to follow the orders of this court, and an entry of default judgment pursuant to Rules 16(f) and 37(b)(2)(A)(vi) is warranted. Just as Magistrate Judge Waxse previously warned, the court now enters a default judgment as to liability against San Sun.

   III.   Hearing on Damages

GFSI submitted with its Motion for Default Judgment the declaration of Chris Young, a Vice President of GFSI, which included a list of itemized damages caused by San Sun. GFSI seeks damages for costs associated with San Sun's late deliveries and deficient performance, as well as the costs of the start up and training of the new manufacturing company it employed after terminating its relationship with San Sun. (Young Decl., ¶ 6, 11). The total amount sought is $102,263.90.

---

[4] In addition to the independent balancing of factors in this case, there is support for this approach in other cases in which courts have entered a default judgment for failure to secure counsel against court orders to do so. *See, e.g.*, *Union Pacific R. Co. v. Western Intern. Grain Co.*, 2007 WL 2872401 (D. Colo. Sept. 26, 2007) (default judgment appropriate under Rules 16(f) and 37(b) where defendant failed to secure counsel despite the court's orders to do so and a local rule requiring corporation to be represented by counsel); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30 (D. D.C. 2004) ("[T]he court ordered TMI to retain counsel by June 7, 2003, specifically warning that the court could impose default judgment as a sanction for non-compliance. . . . The defendants state that TMI cannot retain counsel 'due to lack of resources,' . . . this reasoning, however, does not persuade the court to deviate from the long line of precedent requiring corporate defendants to have representation by counsel in federal courts. . . . Because TMI has deliberately refused to retain counsel despite this court's unambiguous warning and order, the court grants the plaintiffs' motion for default judgment against TMI pursuant to Rules 37(b)(2)(C) and 16(f)."); *Gonzales v. HT&T Architects, Inc.*, 1998 WL 574381 (N.D. Tex. Aug. 31, 1998) (finding default judgment appropriate under Rule 16(f) and 37(b) for failure to retain counsel and failure to appear at a conference). *See generally Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001) ("There is ample authority that default and default judgment may be entered against a corporation for continued noncompliance with a court's order to appear by counsel," citing cases that held default judgment under Federal Rule of Civil Procedure 55 was appropriate for failure to secure counsel).

8

The court finds that a hearing is necessary to determine whether the facts support GFSI's request for damages.  *See* Fed. R. Civ. P. 55(b)(2) (where default judgment is entered, court may conduct a hearing to determine damages); Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2688 ("If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary.").  No specific damages were asserted in GFSI's complaint, as it only set forth damages in an amount "exceeding $75,000."  Likewise, it is not altogether clear from the face of the declaration how or whether some of the itemized categories of damages resulted from San Sun's breach of contract that was alleged in GFSI's complaint.  Thus, a hearing is necessary for GFSI to prove and for the court to determine the amount of damages to be entered with the default judgment.

**IT IS SO ORDERED** that default judgment as to liability is entered against San Sun for failure to appear at the telephone conference on December 3, 2007, and for failure to secure counsel against this court's orders, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2).  Accordingly, a hearing to determine the amount of damages to be awarded as part of the default judgment is scheduled for Tuesday, March 4, 2008 at 10:30am.

**IT IS FURTHER ORDERED** that the court strikes San Sun's response (doc. #28) from the record because it was not filed by licensed counsel against this court's order and because a corporation can only be represented before the court by counsel.

**IT IS FURTHER ORDERED** that default judgment is entered in favor of GFSI on San Sun's First Amended Counterclaim (doc. #16).

**IT IS SO ORDERED**.

Dated this 20th day of February, 2008.

9

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge